70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Daniel KNEZEVICH, Defendant-Appellant.
 No. 94-30383.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 27, 1995.*
Decided Nov. 29, 1995.
 
 Before: CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Knezevich appeals his conviction by conditional guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1). This court has jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 Issues Presented
 
 3
 1. Did the district court abuse its discretion by not conducting an evidentiary hearing on the suppression motion?
 
 
 4
 2. Did the district court err by concluding that the protective pat-down search was justified?
 
 Factual and Procedural Background
 
 5
 On December 24, 1992, Washington State Patrol Officer T.C. Metcalf stopped Knezevich for speeding at over ninety miles per hour. Knezevich was driving with a passenger, Peter Spearman. When Officer Metcalf asked Knezevich for a driver's license, Knezevich handed the officer an identification card and stated that he did not know if he had a valid driver's license but he "might have a warrant." Officer Metcalf had Knezevich step out of the car, placed him in handcuffs, and had him wait at the front of the patrol car with Bellevue Police Officer Vestall. Officer Metcalf learned through a computer check that Knezevich had a $150 arrest warrant for failing to appear on traffic violations.
 
 
 6
 Because Officer Metcalf was going to remove the handcuffs and place Knezevich in the patrol car while writing the citations, he frisked Knezevich and seized a .25 caliber firearm found in the right front pocket of Knezevich's coveralls. Officer Metcalf issued Knezevich citations for carrying a concealed weapon and failing to appear on the traffic violations, and then released him on the condition that Mr. Spearman drive the vehicle.
 
 
 7
 On December 13, 1993, Knezevich was charged by indictment with being a felon in possession of a firearm under 18 U.S.C. Sec. 922(g)(1). On February 14, 1994, the district court denied Knezevich's motion to suppress the physical evidence of the gun. On March 9, 1994, the district court denied Knezevich's motion for reconsideration. On May 16, 1994, Knezevich entered a conditional guilty plea, preserving his right to appeal the district court's denial of his motion to suppress. On October 5, 1994, the defendant was sentenced to eighty-four months imprisonment, to run concurrently with sentences imposed in two separate King County Superior Court convictions. On October 7, 1994, Knezevich filed a timely notice of appeal.
 
 Analysis
 
 8
 A. The district court did not abuse its discretion in refusing to conduct an evidentiary hearing.
 
 
 9
 This court reviews a district court's refusal to hold an evidentiary hearing on a motion to suppress for abuse of discretion. United States v. Wilson, 7 F.3d 828, 833 (9th Cir.1993), cert. denied, 114 S.Ct. 2151 (1994); United States v. Mejia, 953 F.2d 461, 465 (9th Cir.1991), cert. denied, 504 U.S. 926 (1992). An evidentiary hearing on a motion to suppress is required only if the moving papers allege a contested issue of fact going to the validity of the search. Wilson, 7 F.3d at 834-35; United States v. Walczak, 783 F.2d 852, 857 (9th Cir.1986).
 
 
 10
 Here, Knezevich does not allege any factual dispute, but rather alleges that the facts do not support Officer Metcalf's decision to search him. This is a question of law for which the district court was not required to conduct an evidentiary hearing. See Wilson, 7 F.3d at 834-35.
 
 
 11
 B. The district court did not err in concluding that the protective pat-down search was justified.
 
 
 12
 In general, we review determinations of motions to suppress de novo. United States v. Becker, 23 F.3d 1537, 1539 (9th Cir.1994). To justify a protective frisk, the officer must have "reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime." Terry v. Ohio, 392 U.S. 1, 27 (1968). "[T]he issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." Id.
 
 
 13
 Two Ninth Circuit cases indicate that the frisk was justified. In United States v. Garcia, 909 F.2d 389, 391 (9th Cir.1990), we held that a reasonable suspicion of danger justified a protective frisk when the suspect "had shown a willingness to take great risks at high speeds on the highway, ... had shown a distinct aversion to being stopped, and ... was a big man on a dark road". Here Knezevich was driving over ninety miles per hour, indicating a "willingness to take great risks at high speeds on the highway." Id. In addition, Officer Metcalf knew that Knezevich had failed to appear in court, further indicating a disregard for the law. The presence of the passenger may have deepened Officer Metcalf's concern for his safety, a concern reflected in Officer Metcalf's handcuffing of Knezevich.
 
 
 14
 In addition, Officer Metcalf's desire to place Knezevich in the patrol car while writing the citation intensified his safety concerns. In United States v. Thompson, we upheld a protective frisk under quite similar circumstances. 597 F.2d 187, 190 (9th Cir.1979). In Thompson, an officer frisked a driver pulled over for traffic violations and without a valid drivers' license, before placing the driver in the patrol car. Id. We noted that "[u]nder the circumstances, the actions of the officers, including the pat-down, were also reasonable under Terry." Id. Here the circumstances lean even more heavily in support of the frisk. The combination of the extreme speeding, the failure to appear in court, the presence of the passenger and the desire to place Knezevich in the patrol car created a reasonable concern for Officer Metcalf's safety which justified a limited pat-down search.
 
 
 15
 The judgment of the district court is thus AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of the circuit except as provided by Ninth Circuit Rule 36-3